# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID ANTHONY, et al., ) | CASE NO. 5:19-cv-1791 |
| ) | |
| PLAINTIFFS, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| DEFENDANT. ) | |

This case arises from a motor vehicle accident in Stark County, Ohio that occurred on March 17, 2018, wherein plaintiffs' vehicle was struck by a vehicle owned by Aliyah Martin ("Martin") and driven by Chancellor Young ("Young"). Plaintiffs initiated this lawsuit in state court against defendant State Farm Mutual Automobile Insurance Company ("State Farm") to assert their rights to uninsured motorist coverage.

On August 7, 2019, State Farm removed the action to this Court alleging diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. No. 1, Notice of Removal ["NOA"] ¶¶ 2, 6.) At the same time, State Farm filed its answer (Doc. No. 3 ["Answer"]), which raised defenses suggesting that Young and Martin would be indispensable parties. State Farm itself did not pursue either Young or Martin in any way.

On October 10, 2019, plaintiffs filed a motion to amend the complaint to add claims against Young and Martin, both of whom are Ohio residents. (Doc. No. 11, First Motion to Amend

Complaint ["Mot."].) The motion outlined plaintiffs' reasons for seeking to belatedly add the two defendants and included a copy of the proposed first amended complaint.[1]

On October 11, 2019, the Court issued a non-document order directing that any opposition to the motion to amend should be filed by noon on October 18, 2019. Having received no opposition, on October 22, 2019, the Court issued a non-document order granting the motion to amend. Plaintiffs immediately filed the first amended complaint. (Doc. No. 13 ["FAC"].) The FAC includes the non-diverse defendants, Young and Martin, and additional state law claims against them.

> "Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state." *Jerome–Duncan, Inc.* [*v. Auto-By-Tel, L.L.C.*], 176 F.3d 904,] 907 [(6th Cir. 1999)]. The general rule is that diversity is determined at the time of the filing of a lawsuit. *See Smith v. Sperling*, 354 U.S. 91, 93 & n. 1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957). Notwithstanding this general rule, persuasive authority counsels that in a situation such as this where an amended complaint is filed to include the identity of a previous unidentified defendant, diversity must be determined at the time of the filing of the amended complaint. As the leading civil procedure treatise explains:
>
>> Although jurisdiction will not be ousted by a subsequent change in parties who are ancillary to the suit and whose presence . . . is not essential to an adjudication on the merits, a change in parties that goes to the very essence of the district court's ability to adjudicate the merits of the dispute effectively—most notably the addition of indispensable parties—may destroy it. The cases indicate that the court will take account of whether the plaintiff has been dilatory or is trying to destroy diversity, whether the plaintiff will be significantly disadvantaged if the amendment is not allowed, and whether remanding the action to the state court will prejudice the defendant.

---

[1] The motion to amend did not explicitly point out that addition of the two defendants would destroy diversity, which might have been helpful. Under 28 U.S.C. § 1447(e), where, "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

*Curry v. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (quoting 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3723 (3d ed. 1998)) (further citations omitted).

Here, the Court finds no dilatory behavior on plaintiffs' part. Plaintiffs would have been prejudiced had the amendment of their complaint not been permitted, whereas State Farm was not prejudiced by the amendment—a fact that is confirmed, in the Court's view, by State Farm's failure to oppose the motion to amend when given the opportunity.

In light of the amended complaint that destroyed subject matter jurisdiction, pursuant to 28 U.S.C. § 1447(e), the Court remands this matter, as amended, to the Stark County Court of Common Pleas.

**IT IS SO ORDERED**.

Dated: October 28, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**